**RUSH INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**GARNIER LLC, Defendant–Appellee,**

**John Does 1–5, Defendant.**

**No. 07–3540–cv.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2009.

**432**

Daniel P. Burke (Georgia Damoulakis, on the brief) Daniel P. Burke & Associ-

ates, PLLC, Hauppauge, NY, for Plaintiff–Appellant.

Robert L. Sherman (Sara J. Crisafulli and Lisa M. Willis, on the brief), Paul, Hastings, Janofsky & Walker LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Rush Industries, Inc. appeals from a decision of the United States District Court for the Eastern District of New York granting Defendant–Appellee Garnier LLC's motion for summary judgment on Rush's claim of trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related state law claims. We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues presented for review.

We consider first two evidentiary challenges raised by Garnier. We find the challenge to the affidavits submitted by Rush's employees to be meritless. Although the affidavits describe the out-of-court statements of third parties, those statements were admitted not for their truth, but rather as evidence of the speakers' state of mind, namely confusion. As a result, they are not hearsay and are admissible. *See Fun–Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003–04 (2d Cir.1997). The report and testimony of expert witness Philip Hampton, however, is inadmissible. Hampton's purported expert opinion consists almost entirely of discussion and application of legal standards. Even those assertions that are arguably factual, such as the claim that Rush's mark is distinctive, are entirely conclusory. As a result, Hampton's report

and testimony are improper expert evidence and should not be considered even in connection with a motion for summary judgment. *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2d Cir.2008); *Nimely v. City of New York,* 414 F.3d 381, 397 (2d Cir.2005).

In determining whether there exists a likelihood of confusion, we assess the eight *Polaroid* factors. *See Polaroid Corp v. Polarad Elecs. Corp.,* 287 F.2d 492, 495 (2d Cir.1961). For substantially the reasons stated by the District Court, we find that Rush has failed to raise any genuine issue of material fact as to whether Garnier acted with bad faith and whether there was any actual consumer confusion. Furthermore, on our cases, the two marks at issue in this case, as used, were not confusingly similar. *See Playtex Prods., Inc. v. Ga.-Pac. Corp.,* 390 F.3d 158, 164–65 (2d Cir.2004); *Streetwise Maps, Inc. v. Van-Dam, Inc.,* 159 F.3d 739, 744–45 (2d Cir. 1998); *W.W.W. Pharm. Co. v. Gillette Co.,* 984 F.2d 567, 573 (2d Cir.1993) ("[W]hen a similar mark is used in conjunction with a company name, the likelihood of confusion may be lessened."), *limited on other grounds by Deere & Co. v. MTD Prods., Inc.,* 41 F.3d 39 (2d Cir.1994). Based on these findings, even if the remaining *Polaroid* factors weigh in favor of Rush, we would find no likelihood of confusion. Our conclusions that there was no likelihood of confusion and that Rush has failed to raise a genuine issue of material fact as to Garnier's purported bad faith cause Rush's Lanham Act and state claims to fail.

We have considered all of Rush's remaining contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.